

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Charley Lockhart
State Treasurer
Austin, Texas

Dear Sir:

Opinion No. O-1859
Re: Is a chattel mortgage cover-
ing all stock, crops, feed,
farm implements, and all
government rentals, parities,
and subsidies, subject to the
excise stamp tax levied by
Article 7047e, Vernon's
Annotated Civil Statutes,
Upon the registration of same
by the County Clerk under the
Registration Laws of this State?

By your letter of January 15, 1940, you submit for the
opinion of this Department the following question, which we
quote from your letter:

"If a mortgage covers all stock, crops, feed,
farm implements, and all government rentals, parities,
and subsidies, would the mortgage be subject to being
stamped under the provisions of Article 7047e, Ver-
non's Annotated Statutes?"

Article 7047e, Vernon's Annotated Civil Statutes, levies
an excise tax upon the privilege of registration under the
Registration Laws of Texas of chattel mortgages, deeds of trust,
mechanic's liens contracts, vendor's liens, and conditional
sales contracts, and all instruments of a similar nature, se-
curing obligations in excess of Two Hundred Dollars ($200.00).
This tax levy is general in its incidence, the only exception
therefrom being the following:

". . . This section shall not apply to in-
struments, notes, or other obligations taken by
or on behalf of the United States or of the State
of Texas, or any corporation agency or instrument-
ality of the United States, or of the State of Texas

in carrying out a governmental purpose as expressed
in any Act of the Congress of the United States or
of the Legislature of the State of Texas, nor shall
the provisions of this section apply to obligations
or instruments secured by liens on crops and farm
or agricultural products or to livestock or farm
implements, or an abstract of judgment. . ."

It is to be assumed that the chattel mortgage under
consideration here secures an obligation in excess of Two
Hundred Dollars ($200.00), and is not executed in renewal and
extension of a prior chattel mortgage, theretofore stamp-
ed under the Act, and is therefore subject to the terms of
the statute and the tax levied thereby, unless it falls
within the foregoing exemption.  We do not believe the instant
chattel mortgage falls within the scope of this exemption.
Although the crop adjustment rentals, parities, and subsidies
covered by the mortgage are paid to the mortgagor by the
United States of America under the Agricultural Adjustment
Act, through the medium of an instrumentality of the United
States, for the purpose of carrying out a governmental pur-
pose, nevertheless, the chattel mortgage itself does not fall
within the category of "instruments, notes, or other obligations
taken by or on behalf of the United States," so as to be exempt
thereunder.  The chattel mortgage in question merely evidences
an attempt and purpose by and between private contracting parties
to deal with benefit payments paid to the mortgagor by the
United States under an Act of Congress.  With such contractual
relations the Government has no concern, and in fact, gives no
recognition thereto, as indicated by the following regulation
issued by the Department of Agriculture in Southern Region
Bulletin, 301a, Revised, Section 13, sub. f:

"Any payment or share of payment shall be com-
puted and made without regard to questions of title
under State Law, without deduction of claims for
advances and without regard to any claim or lien
against any crop, or proceeds thereof, in favor of
the owner or any other creditor."

Having determined that no question of Federal immunity
from State taxation is presented here, we now pass to a con-
sideration of whether the subject chattel mortgage falls within
the exemption of the Act running to "obligations or instruments
secured by liens on crops and farms or agricultural products,
or to livestock or to farm implements," despite the fact that
it covers, or attempts to cover, other property than the fore-
going, that is to say, crop adjustment rentals, parities, and
subsidies, paid to mortgagor by the Federal Government, as

above outlined. Conference Opinion No. 3061, of date June 17, 1939, directed to you, and prepared by Assistant Attorney General Glenn R. Lewis, furnishes a specific answer to this question in holding, substantially, that the inclusion in a chattel mortgage of property in addition to the property specifically mentioned in the above-quoted exemption, operated to remove such mortgage from the benefit of said exemption, and rendered same subject to this excise stamp tax on registration, if otherwise within the Act.

We accordingly advise that in our opinion the described chattel mortgage is subject to the excise tax levied upon the privilege of its registration by Article 7047e, Vernon's Annotated Civil Statutes.

Yours very truly

ATTORNEY GENERAL OF TEXAS

/s/ Pat M. Neff, Jr.

By

Pat M. Neff, Jr.
Assistant

PMN:N

APPROVED FEB 1, 1940

/s/ Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

APPROVED
opinion committee
By___BWB___
chairman